IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 12, 2007

Charles R. Fulbruge III
Clerk

No. 06-20004[*]

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

RUSSELL MENZIES, also known as
JOHN RUSSELL KINCAID, also known as
JAMES O'SULLIVAN

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
(4:05-CR-67-2)

Before JOLLY, DAVIS, and WIENER, Circuit Judges.

PER CURIAM:[**]

Defendant-Appellant Russell Menzies appeals the statutory maximum sentence of 120 months imprisonment imposed following his guilty-plea conviction for possession of a firearm by a convicted felon. On appeal, Menzies advanced four claims of sentencing error: miscalculation of his Guidelines

---

[*] This opinion supersedes the opinion filed on October 10, 2007; that opinion has been withdrawn as it was filed in error.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

offense level under U.S.S.G. § 2K2.1(b)(1)(C), based on the court's finding that he possessed between eight and twelve firearms as a convicted felon; the sentencing court incorrectly included two prior felony convictions in calculating his base offense level under U.S.S.G. § 2K1.2(a)(2) and incorrectly determined his criminal history category at IV; the sentencing court abused its discretion in rejecting his request for a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1; and the sentence imposed was unreasonable. Two months after Menzies filed his appellate brief, the government filed a motion to vacate his sentence and remand for resentencing, which a motion panel of this court ordered carried with the case on appeal. In support of its motion, the government conceded that the district court misapplied U.S.S.G. § 2K1.2(a)(2), but the government did not address the remaining charges to the district court's Guidelines calculation raised by Menzies on appeal.

We have reviewed the briefs of the parties and the record on appeal, as well as the government's extensive motion to vacate and the appendices thereto, and we conclude that the government's position is principled, well reasoned, and meritorious. As both the government and Menzies seek vacatur of his sentence, we grant the government's motion, vacate Menzies's sentence, and remand the case to the district court for resentencing.

MOTION GRANTED; SENTENCE VACATED; CASE REMANDED FOR RESENTENCING.